IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Timothy L. Wright, | ) | Civil Action No. 5:18-cv-00029-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Joseph McFadden, Lieutenant Karl Von Mutius, and Lieutenant Joseph Bass, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss certain claims in the Complaint. (ECF No. 18). Plaintiff responded to this motion. (ECF No. 26). Defendants replied (ECF No. 33), and Plaintiff subsequently filed a sur-reply (ECF No. 38). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 40), recommending that the court grant Defendants' Motion to Dismiss. (ECF No. 18). Plaintiff was advised of his right to file objections to the Report. (ECF No. 40 at 8). Plaintiff subsequently filed objections to the Report. (ECF No. 43).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject,

1

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

Plaintiff alleges that on November 1, 2016, Defendants used excessive force in violation of the Eighth Amendment when Defendants Bass and Mutius sprayed Plaintiff with chemical munitions and Defendant Madden refused to let Plaintiff wash the chemicals from his body. (ECF No. 1 at 3). Plaintiff specifically states in his Complaint that he sues Defendants "in their individual and official capacities." *Id.* Plaintiff seeks declaratory and monetary relief against Defendants. *Id.* at 7. As monetary relief, Plaintiff seeks $100,000 in compensatory damages and $100,000 in punitive damages. *Id.* Defendants have moved to partially dismiss the Complaint to the extent that it alleges claims for monetary relief against Defendants in their official capacities and to the extent that it states claims under the South Carolina Tort Claims Act ("SCTCA"). (ECF No. 18).

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and

2

should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). While "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss . . . , factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (citations omitted).

Therefore, a plaintiff's complaint only needs to include "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, when "evaluating a civil rights complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)," the court must be "especially solicitous of the wrongs alleged." *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (internal citations omitted). Furthermore, when the plaintiff proceeds *pro se*, the court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, this requirement of liberal construction does not mean that this court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim for relief. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In her Report, the magistrate judge found that Plaintiff's claims against the Defendants in their official capacities should be dismissed based on Eleventh Amendment immunity. (ECF No. 40 at 4–6). In his objections, Plaintiff argues that individuals sued in both their individual and official capacities are "persons" subject to suit under § 1983 and that the Eleventh Amendment

3

"does not bar such suits." (ECF No. 43 at 7). However, Plaintiff's objection is without merit. Under the Eleventh Amendment, states as well as their agencies and departments are immune from suits in federal court brought by their citizens or the citizens of another state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). "Under the Eleventh Amendment, 'a State cannot be sued directly in its own name regardless of the relief sought,' absent consent or permissible congressional abrogation. For the purposes of the Eleventh Amendment, a state official acting in his official capacity is protected from a damages action by the same immunity." *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir. 2003) (citations omitted). A suit against a state defendant in his official capacity is construed as a suit against the office itself, and so sovereign immunity precludes such a suit for damages. *Will*, 491 U.S. at 71. However, the Eleventh Amendment does not bar "an award of damages against an official in his personal capacity [that] can be executed only against the official's personal assets." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff has stated he is suing Defendants in both their personal and official capacities, (ECF Nos. 1 at 3, 43 at 7). Accordingly, to the extent Plaintiff seeks an award of money damages against Defendants in their official capacities, such claim is barred by the Eleventh Amendment and, thus, is dismissed.[1]

Additionally, in her Report, the magistrate judge recommends the court dismiss any claims made pursuant to the SCTCA. (ECF No. 40 at 6–7). While Plaintiff does not specifically address the magistrate judge's analysis with regards to the SCTCA, he does state in his objections that

---

[1] The Eleventh Amendment does not prevent private individuals from bringing a suit against state officials for prospective injunctive relief or declaratory relief for ongoing violations of federal law. *See, e.g., Equity In Athletics, Inc. v. Dep't. of Educ.*, 639 F.3d 91, 107 n.13 (4th Cir. 2011); *Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 632, 635 (D.S.C. 2010).

Defendants acted "maliciously and sadistically" in a way to cause "harm to Plaintiff." (ECF No. 43 at 3). Plaintiff made this same statement in his Complaint. (ECF No. 1 at 3).

Under the SCTCA, an employee of a governmental entity who commits a tort while acting within the scope of his official duty is generally not liable, and the plaintiff must sue the governmental agency itself. *See* S.C. Code Ann. § 15-78-70(a). However, if the plaintiff proves that "the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude," then the governmental agency is not liable, and the employee is personally liable. S.C. Code Ann. § 15-78-70(17); *see also Moody v. Darnell*, 2010 WL 297810, at *3 (D.S.C. January 21, 2010); *Moore by Moore v. Berkeley Cty. Sch. Dist.*, 486 S.E.2d 9, 11 (S.C. Ct. App. 1997). In her Report, the magistrate judge states that Plaintiff has alleged that Defendants were acting within the course and scope of their employment when the alleged excessive force occurred. (ECF No. 40 at 7). However, as noted above, in his Complaint and in his objections to the Report, Plaintiff alleges Defendants acted maliciously and sadistically, (ECF Nos. 1 at 3, 43 at 3), which would have been outside the scope of their employment. *See Price v. Montgomery*, No. 4:05-cv-3309-RBH, 2007 WL 4350708, at *5 n.7 (D.S.C. Dec. 7, 2007). Accordingly, the courts declines to adopt the recommendation to dismiss any potential SCTCA claims.

## V. CONCLUSION

After a thorough review of the Report and the entire record in this case in accordance with the standard set forth above, the court adopts the magistrate judge's Report (ECF No. 40) to the extent that it is consistent with this Order and incorporates it herein. Accordingly, Defendants'

Motion to Dismiss (ECF No. 18) is **GRANTED in part** and **DENIED in part.** Only Plaintiff's claims against Defendants in their official capacities for monetary relief are **DISMISSED**.[2]

      **IT IS SO ORDERED.**

s/ Timothy M. Cain<br>United States District Judge

September 14, 2018
Anderson, South Carolina

<b>NOTICE OF RIGHT TO APPEAL</b>

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Accordingly, Plaintiff's claims against Defendants in their individual capacities and any potential SCTCA claims remain pending. Additionally, to the extent that Plaintiff has alleged a claim for injunctive relief against Defendants in their official capacities, that claim remains pending.